**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| REYN PHARMA, LLC | ) | Case No. 5:16-cv-00476-JMH |
| Plaintiff, | ) | |
| | ) | **MOTION OF PLAINTIFF** |
| v. | ) | **TO DISMISS COUNTERCLAIM** |
| | ) | |
| INNOVATIVE NUTRITION, et al, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Reyn Pharma, LLC. ("Reyn"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, submits its Motion to Dismiss the Counterclaim filed by Defendants Innovative Nutrition and Steuben Park Research Corporation (jointly, "Defendants").

## INTRODUCTION

### I. Statement of the case.

On December 23, 2016, Reyn initiated this action against Defendants for unlawful infringement of Reyn's patent rights pursuant to the issuance of United States Patent No. 9,492,381 ("the '381 Patent") entitled "Method Of Administering Hyaluronan Formulation For Preventing And Ameliorating Osteoarthritis."

By way of correspondence and a motion, Defendants requested extensions of time to submit their responsive pleading [DN ## 9, 14, 16]. On March 10, 2017 Defendants timely filed the "Defendants' Answer, Affirmative Defenses, and Counterclaims" [DN # 23].

Because the Counterclaim is devoid of any factual allegations, it fails to state a claim upon which relief can be granted, and thus, the Counterclaim should be dismissed as a matter of law.

**II. Defendants' Counterclaim contains mere conclusions.**

Defendants' Counterclaim begins with three paragraphs pertaining to the parties, then four paragraphs addressing jurisdiction and venue, and one paragraph of "background" that only contains the date and continuations-in-part application numbers relating to Reyn's '381 Patent. *See*, Counterclaim [DN # 23], ¶¶1-8. The Counterclaim's sole cause of relief provides, in full, as follows:

> 9. Counterclaim-Plaintiffs Innovative and Steuben repeat and reallege each and every allegation contained in paragraphs 1-9, inclusive, as though fully set forth herein.
>
> 10. Upon information and belief, Counterclaim-Plaintiff alleges that each and every claim of the '381 patent is invalid.
>
> 11. The claims of the '381 patent to Smith are invalid for failure to meet one or more of the requirements of Title 35 of the United Sates [sic] Code, including, but not limited to 35 U.S.C. § 102.
>
> 12. There exists, therefore, an actual justiciable controversy between Counterclaim-Defendant Reyn and Counterclaim-Plaintiffs Innovative and Steuben with respect to the invalidity of each and every claim of the '381 patent.
>
> 13. Pursuant to 28 U.S.C. §§ 2201 and 2202, Counterclaim-Plaintiffs Innovative and Steuben seek a declaratory judgement that each and every claim of the '381 patent is invalid.

These conclusory statements are then immediately followed by the "request for relief," which contains no further factual information. Even though a court must "construe[] the

complaint in a light most favorable to the plaintiff…,"[1] Defendants' Counterclaim fails to provide any factual allegations.

**ARGUMENT**

**I. Rule 12(b)(6) of the Federal Rules of Civil Procedure.**

As the court knows, it may dismiss a claim for "failure to state a claim upon which relief can be granted."[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[3]

In construing the pleading in the light most favorable to the non-moving party, the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences.[4]

Because a determination on a motion to dismiss is a procedural issue not unique to patent law, the law of the regional circuit applies.[5] According to the Sixth Circuit, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] Thus, the plaintiff must at least "provide the grounds of his entitlement to relief, [which] requires more than labels and conclusions...."[7]

---

[1] *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

[2] Fed. R. Civ. P. 12(b)(6).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

[4] *DirectTV, Inc. v. Treesh*, 487 F.3d 741, 476 (6th Cir., 2007); *Gritton v. Disponett*, 332 Fed. Appx. 232, 2009 WL 1505256, at *3 (6th Cir. 2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997)).

[5] *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012).

[6] *DirecTV, Inc.*, 487 F.3d at 476 (citing *Twombly*, 550 U.S. at 556).

[7] *Twombly*, 550 U.S. at 555; *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

## II. The Counterclaims' failure to provide factual support renders dismissal appropriate.

In *Protomet Corp., v. MasterCraft Boat Co., LLC*,[8] the court granted a motion to dismiss where the plaintiff's amended complaint (like Defendants' Counterclaim here) contained no factual support. The court noted, as follows:[9]

> There are simply no factual allegations contained in these four paragraphs. Paragraphs 21, 22, and 23 merely contain conclusory restatements of the statutes cited in paragraph 20. The closest Protomet gets to alleging a fact is in paragraph 22 where Protomet states that "any differences between subject matter claimed in the '795 Patent and prior art devices, such as ... well-known spring-biased clamping devices, would have been obvious...." But Protomet does not actually say what prior art devices it is referring to or which "well-known spring biased clapming[sic] devices" render the '795 Patent claim obvious. Likewise, while Protomet alleges in paragraph 21 that the subject matter of the '795 patent was previously known and used by others, Protomet doesn't say who used it or how.

The *Protomet* court held, "Count II of Protomet's complaint does not meet the *Twombly* and *Iqbal* standard because it contains no factual content—much less enough for the Court to reasonably draw the inference that the defendants' patent is invalid."[10] Here too, Defendants' Counterclaim contains no factual allegations and only the barest of legal conclusions, consisting of allegations that "every claim of the '381 patent is invalid" because of some mystery "failure to meet one of more of the requirements of Title 35 . . ."

---

[8] 2014 U.S.Dist.Lexis 149267 (E.D. Tenn., Oct. 20, 2014).

[9] *Protomet Corp*., *5.

[10] *Id*., see also, *Quality Edge, Inc. v. Rollex Corp*., 2015 U.S.Dist.Lexis 91568, **3-4 (W.D. Mich., July 15, 2015 (granting motion to dismiss where "[t]he counterclaim provides no further facts or context to identify the claims of invalidity beyond merely citing sections of the patent statute."); *Senju Pharm. v. Apotex*, 921 F. Supp. 2d 297, *4 (D. Del. Feb. 6, 2013) (dismissing for complete lack of factual support an invalidity counterclaim in a patent-infringement suit); *Gemcor II v. Electroimpact*, 2012 U.S. Dist. LEXIS 24566, 2012 WL 628199 *3 (D. Kan. Feb. 27, 2012) (same); *PPS Data v. Availity*, 2012 U.S. Dist. LEXIS 9452, 2012 WL 252830 at *2 (M.D. Fla. Jan. 26, 2012) (dismissing for lack of any factual support a non-infringement counterclaim); *PPS Data v. Allscripts Healthcare Solutions*, 2012 U.S. Dist. LEXIS 8367, 2012 WL 243346 at *4 (M.D. Fla. Jan. 25, 2012) (same).

Counterclaim [DN # 23], ¶¶10-11. The Court, like the *Protomet* court, should dismiss Defendants' Counterclaim for failure to meet the *Twombly* and *Iqbal* standard required of federal parties.

**CONCLUSION**

Defendants' Counterclaim fails to provide any factual support, and even fails to provide any factual allegations, to support Defendants' claim for invalidity. Pursuant to Rul 12(b)(6), the Counterclaim fails to state a claim upon which relief can be granted, and the Counterclaim should be dismissed as a matter of law.

Respectfully submitted,

/s/ Trevor W. Wells
Trevor W. Wells
Andrew R. Smith
MILLER WELLS, PLLC
300 East Main St., Suite 360
Lexington, KY 40507-1564
(859) 281-0077 (Telephone)
(859) 957-1889 (Facsimile)
twells@millerwells.com
asmith@millerwells.com

*Counsel for Plaintiff and Counterclaim Defendant*

**CERTIFICATE OF SERVICE**

I certify that on March 29, 2017, I electronically filed a true and correct copy of Plaintiff's Motion to Dismiss through the ECF system, which will send a notice of electronic filing to all registered counsel of record.

/s/ Trevor W. Wells
Trevor W. Wells
Andrew R. Smith
MILLER WELLS, PLLC
300 East Main St., Suite 360
Lexington, KY 40507-1564
(859) 281-0077 (Telephone)
(859) 957-1889 (Facsimile)
twells@millerwells.com
asmith@millerwells.com

*Counsel for Plaintiff and Counterclaim Defendant*